**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 7 |
|---|---|
| DECADE, S.A.C., LLC, | Case No. 18-11668 (CSS) |
| Debtor. | **Hearing Date:  November 5, 2018 at 3:00 p.m. (ET)**<br>**Objection Deadline:  October 29, 2018 at 4:00 p.m. (ET)** |
| In re: | Chapter 7 |
| GOTHAM S&E HOLDINGS, LLC, | Case No. 18-11669 (CSS) |
| Debtor. | **Hearing Date:  November 5, 2018 at 3:00 p.m. (ET)**<br>**Objection Deadline:  October 29, 2018 at 4:00 p.m. (ET)** |

**APPLICATION FOR AN ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ASHBY & GEDDES, P.A.  AND TROUTMAN SANDERS LLP AS
SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE AND (II)
WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL
RULE 2016-2(h)**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of

Decade, S.A.C., LLC ("Decade") and Gotham S&E Holdings, LLC ("Gotham;" together with

Decade, the "Debtors"), hereby files this application (the "Application") seeking entry of an

order, substantially in the proposed form attached hereto as **Exhibit C**, pursuant to sections

327(a) and 328 of title 11 of the United States Code, (as amended, the "Bankruptcy Code"),

Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 2014-1 and 2016-2 of the Local Rules of Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the retention

and employment of Ashby & Geddes, P.A. ("Ashby & Geddes") and Troutman Sanders LLP

("Troutman;" together with Ashby & Geddes, "Special Counsel") as special litigation counsel to

the Trustee for the investigation, prosecution, and settlement of the Claims (as defined herein) on behalf of the Debtors' Estates and (ii) waiving the requirement to file fee applications with the Court as well as all of the information requirements in the Local Rules.  In support of his Application, the Trustee relies upon the *Affidavit of William P. Bowden in Support of the Application for an Order (I) Authorizing the Retention and Employment of Ashby & Geddes, P.A. as Special Litigation Counsel to the Chapter 7 Trustee and (II) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "Bowden Affidavit") and the *Affidavit of Patrick E. Fitzmaurice in Support of the Application for an Order (I) Authorizing the Retention and Employment of Troutman Sanders LLP as Special Litigation Counsel to the Chapter 7 Trustee and (II) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "Fitzmaurice Affidavit"), copies of which is attached as **Exhibits A** and **B**, respectively.  In further support of the Application, the Trustee respectfully represents as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and legal predicates for the relief requested herein are sections 327

and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and

2016-2.

## RELEVANT BACKGROUND

5.      On July 16, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition

for relief under chapter 7 of the Bankruptcy Code and their chapter 7 cases are currently pending

before the Court. The cases have not been consolidated for procedural purposes at this time.

6.      On July 17, 2018, the Trustee was appointed as chapter 7 trustee of the Debtors'

Estates pursuant to section 701(a) of the Bankruptcy Code.

7.      On August 9, 2018, the Trustee filed an application for an order authorizing the

retention of Archer & Greiner, P.C. ("Archer & Greiner") as counsel to the Trustee *nunc pro*

*tunc* to July 17, 2018 (the "Archer & Greiner Retention Application") [Case No. 18-11668,

Docket No. 20; Case No. 18-11669, Docket No. 19].  On August 28, 2018, the Court approved

the Archer & Greiner Retention Application [Case No. 18-11668, Docket No. 40; Case No. 18-

11669, Docket No. 27].

8.      As set forth in the Trustee's *Motion for an Order (I) Authorizing Trustee to*

*Exercise Membership Rights With Respect to the Debtor's Subsidiaries and (II) Granting*

*Related Relief* [Case No. 18-11668, Docket No. 18] (the "Membership Motion"), Decade has or

asserts ownership interests in eight non-debtor subsidiaries (the "Non-Debtor Subsidiaries") as

follows:

> (a)      The Single Member LLCs:      Decade directly owns 100% of the
> membership interests in the following Delaware single member limited
> liability companies: (i) Decade S.A.C. II, LLC; (ii) Decade S.A.C.
> Contracts, LLC ("Decade Contracts"); and (iii) Decade S.A.C. Executives,
> LLC.

3

     (b)    <u>The Majority Owned LLCs</u>:  Decade directly owns a majority of the membership interests in three Delaware limited liability companies: (i) Decade S.A.C. I, LLC[1]; (ii) Decade S.A.C. III, LLC[2]; and (iii) Decade Citizen, LLC (80% ownership).

     (c)    <u>The Corporate Subsidiaries</u>:  The Trustee has asserted that Decade indirectly wholly-owns the following subsidiary corporations: (i) Goodwin Associates Management Enterprises (a California corporation) ("<u>GAME</u>") and (ii) Goodwin Sports Management, Inc. (a Washington corporation) ("<u>GSM</u>").[3]

9.     Following the Court's Order approving the Membership Motion [*see* Case No. 18-11668, Docket No. 45], the Trustee has directed the chapter 7 bankruptcy filings of the Single Member LLCs and expects those filings to be completed shortly.  Once Decade Contracts files its bankruptcy case, the Trustee intends to seek a determination from this Court of his authority to direct the bankruptcy filings of GAME and GSM.

10.     Prior to the Petition Date, Decade, Decade Contracts, Decade, S.A.C. I, LLC, Decade, S.A.C. II, LLC, Decade, S.A.C. III, LLC, GAME, and GSM, as borrowers (collectively, the "<u>Borrowers</u>"), and Decade, S.A.C. Executives, LLC, Gotham (collectively, the "<u>Corporate Guarantors</u>"), and Christopher Aden ("<u>Aden</u>") and Dorsey James ("<u>James</u>") (together with the Corporate Guarantors, the "<u>Guarantors</u>"), as guarantors, entered into that certain Loan, Guaranty and Security Agreement dated as of February 22, 2016 (the "<u>Loan Agreement</u>") with XXIII Capital Limited ("<u>23 Capital</u>") as lender to provide a term loan to the Borrowers in the principal amount of $20 million (the "<u>Loan</u>").  The obligations owed to 23 Capital under the Loan

---

[1]     Decade owns 51% of the membership interests in Decade S.A.C. I, LLC while SMP Sports LLC ("<u>SMP</u>") owns the remaining 49%.

[2]     Decade owns 51% of the membership interests in Decade S.A.C. III, LLC while Encore Sports and Entertainment LLC ("<u>Encore</u>") owns the remaining 49%.

[3]     Decade Contracts (one of the Single Member LLCs and a direct subsidiary of the Debtor) holds 100% of the equity of each of the Corporate Subsidiaries.

Agreement are secured by liens on substantially all of the assets of the Borrowers and the Corporate Guarantors (as defined in the Loan Agreement, the "Collateral").

11.    Beginning in December 2016, 23 Capital alleged numerous defaults under the Loan Agreement and, in March 2017, accelerated the indebtedness owed under the Loan Agreement.

12.    On September 12, 2017, 23 Capital commenced litigation against the Debtors, the Non-Debtor Subsidiaries (including GAME and GSM), James, and Aden as well as the former owners of GAME and GSM, Aaron Goodwin and Eric Goodwin (the "Goodwins"), in the United States District Court for the Southern District of New York (Case No. 17-civ-06910-GHW) (the "SDNY Litigation"), seeking, *inter alia*, repayment of defaulted Loan obligations under the Loan Agreement and damages from the Goodwins based on their conversion of the Collateral.

13.    23 Capital asserts that, as of June 29, 2018, the outstanding obligations (including interest, fees, and costs) under the Loan Agreement totaled no less than $25,813,306.85.[4]

14.    Since the Petition Date and in accordance with his fiduciary duties, the Trustee and his professionals have, *inter alia*, reviewed the Loan Agreement and related documents and investigated the validity, nature, extent, and priority of 23 Capital's claims, liens, and security interests arising thereunder.  Moreover, the Trustee and his professionals have reviewed the Debtors' books and records, performed due diligence related to the SDNY Litigation and claims asserted by the parties therein, and begun to analyze the claims against and assets of the Debtors' Estates to develop a path forward to maximize value to the Estates and their stakeholders.  In connection therewith, the Trustee and his professionals engaged in good faith and arms' length discussions with 23 Capital regarding its claims against and disputes involving these Estates and

---

[4]    23 Capital obtained judgments against Aden and James in that amount in the SDNY Litigation based on their failure to pay when due their individual guaranties of the Loan.

ultimately reached an agreement, subject to Court approval. The agreement is memorialized in the *Stipulation By and Between 23 Capital Limited (f/k/a XXIII Capital Limited) and David W. Carickhoff, in His Capacity as Chapter 7 Trustee for the Estates of Decade S.A.C., LLC and Gotham S&E Holdings, LLC* (the "Stipulation"), which is the subject of an approval motion under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 filed contemporaneously herewith.

15.    As set forth in the Stipulation, the Trustee has agreed, among other things, to retain Special Counsel to investigate and prosecute certain claims under the Bankruptcy Code and applicable state law on behalf of the Debtors' Estates (the "Claims").[5] Additional material terms of the Stipulation are as follows:[6]

(a)    23 Capital shall make an advance payment to the Trustee on behalf of the Debtors' estates for allocation in the Trustee's discretion. Such payment is an advance on the Estate Claim Recovery and, for the avoidance of doubt, shall not be repaid to 23 Capital if there are no recoveries on account of the Claims;

(b)    The Trustee has agreed to retain Special Counsel to investigate and prosecute the Claims;

(c)    23 Capital shall be primarily responsible for all fees and costs incurred by Special Counsel and any other professionals retained in connection with the investigation and prosecution of the Claims (the "Professionals").

(d)    The Trustee shall confer with 23 Capital concerning all aspects of the Claims and, for the avoidance of doubt, the Professionals shall take their direction from the Trustee. 23 Capital and the Trustee agree that the

---

[5]    "Claims" shall include (but not be limited to): (i) all claims related to the recovery of assets owned by, or due to be paid to, any of the Debtors; (ii) all claims related to the Debtors' ownership of GAME, GSM, SMP and Encore; (iii) all claims (including, but not limited to, claims based upon Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy laws) against Aaron and Eric Goodwin; (iv) all claims (including, but not limited to, claims based upon Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy laws) against Aden and James; and (v) all claims (including, but not limited to, claims based upon Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy laws) against any professional athletes.

[6]    In the event of a conflict between the terms of the Stipulation and the summary herein, the terms of the Stipulation shall govern.

6

Trustee will not incur fees for the Professionals in excess of an amount that has been agreed upon by the Parties but remains confidential[7] without the prior written consent of 23 Capital.

(e)     The Trustee will waive and release any claims that either have been asserted against 23 Capital in the SDNY Litigation or could be asserted by any of the Debtors and their respective estates against 23 Capital.

(f)     The Trustee will confirm that 23 Capital has valid and duly perfected, first priority liens on and security interests in all Collateral (as defined in the Loan Agreement), including the proceeds of the Claims.

(g)     23 Capital shall be given an allowed secured claim in the amount of $25 million in each of the Debtors' chapter 7 cases.

(h)     The Trustee and 23 Capital have agreed that recoveries on the Claims will be shared between them in accordance with the Recovery Sharing calculations set forth in detail in the Stipulation and any deficiency claim held by 23 Capital shall not be entitled to share in the proceeds of the Estate Claim Recovery. The Trustee shall not accept, without 23 Capital's written consent, any settlement of the Claims of less than an amount that has been agreed by the parties but remains confidential.[8] The Trustee and 23 Capital have agreed that:

(1)     23 Capital shall receive 90% and the Estates shall receive 10% (each on a gross basis) of the first $5 million recovered on account of the Claims;

(2)     23 Capital shall receive 94% and the Estates shall receive 6% (each on a gross basis) of the next $5 million recovered on account of the Claims; and

(3)     23 Capital shall receive 94% and the Estates shall receive 6% (each on a net basis, net of the fees (including, without limitation, the fees of the Professionals), costs and expenses incurred by 23 Capital in connection with the prosecution and resolution of the Claims) of the next $15 million recovered on account of the Claims.

(4)     Amounts recovered in excess of $25 million shall be paid: first, to 23 Capital to reimburse it for fees (including, without limitation,

[7]     The Parties contend that the public disclosure of this amount will negatively impact the prosecution of the Claims, but are willing to disclose this amount to the Court, *in camera*, if requested.

[8]     The Parties contend that the public disclosure of this amount will negatively impact the prosecution of the Claims, but are willing to disclose this amount to the Court, *in camera*, if requested.

the fees of the Professionals), costs and expenses incurred in connection with the Claims, second, to 23 Capital until it has received full payment on its allowed claim, and third, to the Trustee, on behalf of the Estates, for allocation in the Trustee's direction.

(i)   The Recovery Sharing amounts described in (h) above, shall be deemed to be 'carve-outs' from 23 Capital's security interest and shall be free and clear of 23 Capital's liens and claims against the Debtors;

(j)   Pursuant to the Stipulation, upon the Effective Date and subject to the Trustee's receipt of the Estate Claim Recovery Advance, the Estate Releasing Parties release and forever discharge the Released Parties from the Released Claims.

(k)   In the event that any of the Non-Debtor Subsidiaries commence cases under chapter 7 of the Bankruptcy Code, the Trustee has agreed that the Stipulation and its terms are intended to cover any third-party claims that could be asserted by the Trustee as trustee for such additional debtor estates and that each such estate will be deemed included in the definition of Debtors.

## RELIEF REQUESTED AND BASIS THEREFORE

16.   By this Application, the Trustee seeks entry of an order (i) authorizing the retention and employment of Special Counsel as special litigation counsel to the Trustee for the limited purpose of investigating, prosecuting, and settling the Claims and (ii) waiving the requirement to file fee applications with the Court as well as all of the information requirements in the Local Rules.

## I.    Special Counsel's Retention Is Appropriate and Should Be Approved

17.   Under section 327(a) of the Bankruptcy Code, a trustee may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate. 11 U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who:

is not a creditor, an equity security holder, or an insider; [or] is not

> and was not, within 2 years before the date of the filing of the
> petition, a director, officer or employee of the Debtors; and . . .
> does not have an interest materially adverse to the interest of the
> estate or of any class of creditors or equity security holders, by
> reason of any direct or indirect relationship to, connection with, or
> interest in, the Debtors, or for any other reason.

*Id.* § 101(14).

18.    Bankruptcy Rule 2014(a) further requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

FED. R. BANK. P. 2014.

### A.    Special Counsel are Qualified, Disinterested, and Do Not Hold or Represent an Interest Adverse to the Estates

19.    Special Counsel are well suited to represent the Trustee in connection with the investigation, prosecution, and settlement of the Claims.  Each firm has extensive experience investigating estate assets and litigating bankruptcy and non-bankruptcy claims, including claims under chapter 5 of the Bankruptcy Code.  Special Counsel are familiar with the Debtors' business and affairs, as well as many of the potential legal issues that may arise in the context of the Claims.  Accordingly, the retention of Special Counsel will allow for the effective and efficient pursuit of the Claims on behalf of the Trustee and the Estates.

20.    Prior to the filing of this Application, the Trustee retained Archer & Greiner as his general bankruptcy counsel in these chapter 7 cases.  Special Counsel will work together with Archer & Greiner at the direction of the Trustee to avoid any unnecessary duplication of services in this matter.

21.    It is the carefully considered view of the Trustee that, considering the various interests involved in these chapter 7 cases, representation of the Trustee by Special Counsel is necessary, advisable, and in the best interests of the Debtors and their Estates. In the event that any of the Non-Debtor Subsidiaries commence cases under chapter 7 of the Bankruptcy Code, the Trustee intends to seek entry of a joint administration order following such filings.  The Trustee will also seek to extend the scope of the retention of the proposed Special Counsel to include the additional estates of the Non-Debtor Subsidiaries.

22.    As set forth in the Bowden Affidavit and the Fitzmaurice Affidavit, the Trustee believes that each of Ashby & Geddes and Troutman qualify as a "disinterested person" under the Bankruptcy Code. Neither firm is a creditor, equity security holder, or insider of the Debtors. Also, neither firm has an interest materially adverse to the interest of the Estates, nor does it represent one.

23.    Special Counsel currently represent 23 Capital in these chapter 7 cases. Notwithstanding that engagement, the Trustee believes, and respectfully represents, that Special Counsel are capable of being retained by these Estates under section 327(a) of the Bankruptcy Code.  Although 23 Capital is a creditor of the Debtors, its secured claim will be allowed pursuant to the Stipulation, subject to Court approval. Also, the Trustee has agreed to waive and release any and all claims that the Debtors have (or may have) against 23 Capital.[9]  Thus, the Trustee believes and submits that the interests of the Trustee and 23 Capital are aligned rather than adverse.  Indeed, given the sharing arrangement memorialized in the Stipulation, both parties share a mutual and common interest in maximizing the value of the Estates through the prosecution of the Claims. The Trustee submits it is efficient and good sense to retain Special

---

[9]    The Stipulation further provides that any Non-Debtor Subsidiary that files a chapter 7 petition will be included in the definition of "Debtors" and the Trustee's release upon the commencement of such entity's bankruptcy case.

Counsel as set forth herein.

24.     In the event that 23 Capital seeks to take a position adverse to the Trustee or the Estates in these chapter 7 cases, 23 Capital will retain alternative conflicts counsel and will not use Special Counsel for such purposes, unless the Trustee subsequently affirmatively agrees otherwise in writing.

**B.      Retention of Special Counsel Under Section 328(a) of the Bankruptcy Code Is Appropriate**

25.     Section 328(a) of the Bankruptcy Code empowers a trustee to employ, with the Court's approval, professional persons on any reasonable terms and conditions of employment. 11 U.S.C. § 328(a).   The Trustee respectfully requests, pursuant to section 328(a) of the Bankruptcy Code, that Special Counsel be compensated in accordance with the terms and conditions set forth in the Stipulation. As set forth in the Stipulation, while the Professionals will take their direction from the Trustee, 23 Capital shall be primarily responsible for all fees and costs incurred by them.  It is only when over $10 million is recovered on account of the Claims that 23 Capital will then be entitled to recoup its Professional fees and costs from the recoveries which serve as 23 Capital's Collateral.  Neither the Trustee nor the Debtors' Estates will be responsible for the payment of Special Counsel's invoices.

26.     The Debtors have no assets other than claims and causes of action, such as the Claims, and the proceeds thereof.  Litigation of the Claims, the facts of which are intertwined with those of the SDNY Litigation, will be factually complex and detailed, time consuming and expensive, with an uncertain outcome.  The Trustee does not have the means to retain counsel under a typical hourly engagement, and retaining the Professionals under the proposed compensation structure will avoid these Estates from bearing the risk of the costs to be incurred in pursuing the Claims.  Accordingly, the Trustee submits that the proposed compensation

11

arrangement is fair and reasonable and should be approved.

27.    Other than as set forth herein and in the Bowden Affidavit and the Fitzmaurice Affidavit, no arrangement is proposed between the Trustee and Special Counsel for compensation to be paid in these chapter 7 cases.

## II.    Waiver of Compliance with Information Requirements Relating to Compensation Requests in Local Rule 2016-2

28.    Pursuant to Local Rule 2016-2(h), the Trustee seeks a waiver of all of the information requirements in the Local Rules as well as the requirement to file fee applications with the Court.  Special Counsel will be compensated by 23 Capital on an hourly basis in accordance with its agreed upon hourly billing rates and reimbursed for the actual, necessary expenses it incurs.  Importantly, the fees and costs of Special Counsel will not be borne by the Debtors or their Estates but rather directly from 23 Capital and/or from the collateral securing 23 Capital's claim.  Therefore, it is unnecessary for Special Counsel to file fee applications and obtain an order from the Court in order to be paid.  Notwithstanding, Special Counsel will maintain time records in accordance with the Local Rules and will send the Trustee copies of the summary pages of its respective monthly invoices and make any narrative information available to the Trustee upon request.

## NOTICE

29.    The Trustee has given notice of this Application to the following parties and/or their counsel:  (i) the Office of the United States Trustee; (ii) the Goodwins; (iii) the Non-Debtor Subsidiaries; (iv) Aden; (v) James; (vi) SMP; (vii) Encore; (viii) all entities listed on the Debtors' creditor matrices; and (ix) any other parties that have requested notice in the Debtors' cases pursuant to Bankruptcy Rule 2002.  Under the circumstances, the Trustee submits that no other or further notice is required.

## NO PRIOR APPLICATION

30.     No previous application for the relief sought herein has been made by Special Counsel to this or any other Court.

## CONCLUSION

**WHEREFORE** the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit C**, (i) authorizing the Trustee to employ and retain Special Counsel as special litigation counsel on the terms and conditions set forth herein, (ii) waiving the requirement to file fee applications with the Court as well as all of the information requirements in the Local Rules, and (iii) granting such other and further relief as is just and proper.

Dated: October 15, 2018

DAVID W. CARICKHOFF
Chapter 7 Trustee