# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DECADE, S.A.C., LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 18-11668 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date: September 16, 2020 at 11:00 a.m. (ET)**<br><br>**Objection Deadline: September 9, 2020 at 4:00 p.m. (ET)** |

**APPLICATION FOR AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF PILLSBURY WINTHROP SHAW PITTMAN LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of Decade, S.A.C., LLC ("Decade"), Gotham S&E Holdings, LLC ("Gotham," and together with Decade, the "Original Debtors"), Decade, S.A.C. Contracts, LLC ("Decade Contracts"), Decade, S.A.C. II, LLC ("Decade II"), and Decade, S.A.C. Executives, LLC ("Decade Executives," and together with Decade Contracts and Decade Executives, the "Debtor Subsidiaries")[2] hereby files this application (the "Application") seeking entry of an order, substantially in the proposed form attached hereto as **Exhibit B**, pursuant to sections 327(a) and 328 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules

---

[1] The Debtors and the last four digits of each Debtor's respective federal Employer Identification Number are: Decade, S.A.C., LLC ("Decade") (8395); Gotham S&E Holdings, LLC ("Gotham") (5927); Decade S.A.C. Contracts, LLC ("Decade Contracts") (7243); Decade S.A.C. II, LLC ("Decade II") (5679); and Decade S.A.C. Executives, LLC ("Decade Executives") (9865).

[2] Decade directly owns 100% of the membership interests in Decade II, Decade Contracts, and Decade Executives (together, the "Single Member LLCs").

of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the retention and employment of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as special litigation counsel to the Trustee for the investigation, prosecution, and settlement of the Claims (as defined herein) on behalf of the Debtors' Estates to substitute for Troutman Sanders LLP ("Troutman"), which this Court previously authorized the Trustee retain and employ as special litigation counsel herein by order dated November 13, 2018 (ECF Doc. No. 81); and (ii) waiving certain information requirements in the Local Rules, including modifying the requirement to file fee applications with the Court.  In support of this Application, the Trustee relies upon the *Affidavit of Patrick E. Fitzmaurice in Support of the Application for an Order (i) Authorizing the Retention and Employment of Pillsbury Winthrop Shaw Pittman LLP as Special Litigation Counsel to the Chapter 7 Trustee and (ii) Waiving Certain Information Requirements Pursuant to Local Rules 2016-2(h)* (the "Fitzmaurice Affidavit"), a copy of which is attached hereto as **Exhibit A**.  In further support of the Application, the Trustee respectfully represents as follows:

## JURISDICTION

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware (the "District Court"), dated February 29, 2012.

2.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## RELEVANT BACKGROUND

5. On July 16, 2018 (the "Petition Date"), the Original Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and their chapter 7 cases are currently pending before the Court. On October 16, 2018, the Debtor Subsidiaries each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and their chapter 7 cases are currently pending before this Court. On October 18, 2018, the cases were consolidated for procedural purposes only and are jointly administered by this Court under the above caption. (*See* ECF Doc. No. 65.)

6. On July 17, 2018, the Trustee was appointed as chapter 7 trustee of the Original Debtors' Estates pursuant to section 701(a) of the Bankruptcy Code.

7. On August 9, 2018, the Trustee filed an application for an order authorizing the retention of Archer & Greiner, P.C. ("Archer & Greiner") as counsel to the Trustee *nunc pro tunc* to July 17, 2018 (the "Archer & Greiner Retention Application") (ECF Doc. No. 20). On August 28, 2018, the Court approved the Archer & Greiner Retention Application (ECF Doc. No. 40).

8. On October 15, 2018, the Trustee filed an application for an order authorizing the retention and employment of Ashby & Geddes, P.A ("Ashby & Geddes") and Troutman as special litigation counsel and waiving certain information requirements pursuant to Local Rule 2016-2(h)

(the "Troutman Retention Application") (ECF Doc. No. 62). Aaron Goodwin and Eric Goodwin (the "Goodwins") objected to the Troutman Retention Application, but on November 13, 2018, this Court approved the Troutman Retention Application, with certain modifications ("Troutman Retention Order")[3] (ECF Doc. No. 81).

9. On November 11, 2018, the Goodwins appealed the Troutman Retention Order to the District Court (ECF Doc. No. 82). On February 5, 2020, the District Court affirmed the Troutman Retention Order (ECF Doc. No. 211).

10. Lead counsel at Troutman, Patrick Fitzmaurice, left Troutman on July 21, 2020 and joined Pillsbury as a partner in its Insolvency and Restructuring section (resident in Pillsbury's New York office) on July 23, 2020. The Trustee wishes for Pillsbury to substitute for Troutman as special litigation counsel herein and to assume the same responsibilities Troutman had pursuant to the Troutman Retention Order.

11. As set forth in the Trustee's *Motion for an Order (I) Authorizing Trustee to Exercise Membership Rights With Respect to the Debtor's Subsidiaries and (II) Granting Related Relief* (ECF Doc. No. 18) (the "Membership Motion"), Decade has or asserts ownership interests in five non-debtor subsidiaries (the "Non-Debtor Subsidiaries") as follows:

(a) The Majority Owned LLCs:    Decade directly owns a majority of the membership interests in three Delaware limited liability companies: (i) Decade S.A.C. I, LLC,[4] (ii) Decade S.A.C. III, LLC,[5] and (iii) Decade Citizen, LLC (80% ownership).

(b) The Corporate Subsidiaries:    The Trustee has asserted that Decade indirectly wholly-owns the following subsidiary corporations:   (i) Goodwin Associates

---

[3] By operation of the Stipulation (as defined herein), the Troutman Retention Order authorized Troutman to represent the Trustee in connection with the later-filed chapter 7 cases of the Debtor Subsidiaries, as well as any Non-Debtor Subsidiaries (as defined herein) that commence cases under chapter 7 of the Bankruptcy Code.

[4] Decade owns 51% of the membership interests in Decade S.A.C. I, LLC, while SMP Sports LLC ("SMP") owns the remaining 49%.

[5] Decade owns 51% of the membership interests in Decade S.A.C. III, LLC, while Encore Sports and Entertainment LLC ("Encore") owns the remaining 49%.

Management Enterprises (a California corporation) ("GAME") and (ii) Goodwin Sports Management, Inc. (a Washington corporation) ("GSM").[6]

12. Prior to the Petition Date, Decade, Decade Contracts, Decade, S.A.C. I, LLC, Decade II, Decade, S.A.C. III, LLC, GAME, and GSM, as borrowers (collectively, the "Borrowers"), and Decade Executives, Gotham (collectively, the "Corporate Guarantors"), and Christopher Aden ("Aden") and Dorsey James ("James") (together with the Corporate Guarantors, the "Guarantors"), as guarantors, entered into that certain Loan, Guaranty and Security Agreement dated as of February 22, 2016 (the "Loan Agreement") with XXIII Capital Limited ("23 Capital") as lender to provide a term loan to the Borrowers in the principal amount of $20 million (the "Loan"). The obligations to 23 Capital under the Loan Agreement are secured by liens on substantially all of the assets of the Borrowers and the Corporate Guarantors (as defined in the Loan Agreement, the "Collateral").

13. Beginning in December 2016, 23 Capital alleged numerous defaults under the Loan Agreement and, in March 2017, accelerated the indebtedness owed under the Loan Agreement.

14. On September 12, 2017, 23 Capital commenced litigation against the Debtors, the Non-Debtor Subsidiaries (including GAME and GSM), James, and Aden as well as the former owners of GAME and GSM, the Goodwins, in the United States District Court for the Southern District of New York (Case No. 17-civ-06910-GHW) (the "SDNY Litigation"), seeking, *inter alia*, repayment of defaulted Loan obligations under the Loan Agreement and damages from the Goodwins based on their conversion of the Collateral.

15. As set forth in the Troutman Retention Application, the Trustee and his professionals engaged in good faith and arms' length discussions with 23 Capital regarding its

---

[6] Debtor Decade Contracts (one of the Single Member LLCs and a direct subsidiary of Decade) holds 100% of the equity of each of the Corporate Subsidiaries.

claims against and disputes involving the Estates and ultimately reached an agreement. The agreement is memorialized in the *Stipulation By and Between 23 Capital Limited (f/k/a/ XXIII Capital Limited) and David W. Carickhoff, in His Capacity as Chapter 7 Trustee for the Estates of Decade S.A.C, LLC and Gotham S&E Holdings, LLC* (the "Stipulation"), which was approved by this Court on November 5, 2018 (the "Stipulation Approval Order")[7] (ECF Doc. No. 76).

16. As set forth in the Stipulation, the Trustee agreed, among other things, to retain Ashby & Geddes and Troutman as special litigation counsel, and additional professionals as needed (the "Professionals"), to investigate and prosecute certain claims under the Bankruptcy Code and applicable state law on behalf of the Debtors' Estates (the "Claims").[8]

17. On November 11, 2018, the Goodwins appealed the Stipulation Approval Order to the District Court (ECF Doc. No. 82). On February 5, 2020, the District Court affirmed the Stipulation Approval Order (ECF Doc. No. 211).

18. Consistent with the Stipulation and pursuant to the Troutman Retention Order, the Trustee—through special litigation counsel Troutman and Ashby & Geddes—commenced an adversary proceeding for declaratory judgment against the Goodwins herein on January 23, 2019 (Adv. Proc. No. 19-50095-CSS) (the "Adversary Proceeding").[9] By opinion and order dated

---

[7] The Stipulation Approval Order states that the order and the terms of the Stipulation shall apply equally to all of the above-captioned Debtors and each such Debtor shall be deemed included in the Stipulation's definition of Debtors and should any other of the Non-Debtor Subsidiaries commence cases under chapter 7 of the Bankruptcy Code, the Stipulation Approval Order and the terms of the Stipulation shall cover any third-party claims that could be asserted by the Trustee as trustee for such additional debtor estates and each such estate will be deemed included in the definition of Debtors.

[8] "Claims" include (but are not limited to): (i) all claims related to the recovery of assets owned by, or due to be paid to, any of the Debtors; (ii) all claims related to the Debtors' ownership of GAME, GSM, SMP, and Encore; (iii) all claims (including, but not limited to, claims based upon Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy laws) against the Goodwins; (iv) all claims (including, but not limited to, claims based upon Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy laws) against Aden and James; and (v) all claims (including, but not limited to, claims based upon Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy laws) against any professional athletes.

[9] References to filings in the Adversary Proceeding docket are referenced herein as "Adv. Proc. ECF Doc. No. _."

January 29, 2020, this Court granted partial summary judgment in favor of the Trustee and ordered trial on the remaining issues. Trial in the Adversary Proceeding is scheduled to commence October 26, 2020.

## RELIEF REQUESTED AND BASIS THEREFORE

19. By this Application, the Trustee seeks entry of an order (i) authorizing the retention and employment of Pillsbury as special litigation counsel to the Trustee for the limited purpose of investigating, prosecuting, and settling the Claims, and (ii) waiving certain information requirements in the Local Rules, including modification of the requirement to file fee applications with the Court.

### I.     Pillsbury's Retention Is Appropriate and Should Be Approved

20. Under section 327(a) of the Bankruptcy Code, a trustee may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate. 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who:

> is not a creditor, an equity security holder, or an insider; [or] is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employer of the Debtors; and … does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

*Id.* § 101(14).

21. Bankruptcy Rule 2014 further requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

7

in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

### A. Pillsbury is Qualified, Disinterested, and Does Not Hold or Represent an Interest Adverse to the Estates

22. Pillsbury is well suited to represent the Trustee in connection with the investigation, prosecution, and settlement of the Claims. Pillsbury has extensive experience investigating estate assets and litigating bankruptcy and non-bankruptcy claims, including claims under chapter 5 of the Bankruptcy Code. Pillsbury is familiar with the Debtors' business and affairs, as well as many of the potential legal issues that may arise in the context of the Claims. Moreover, Pillsbury partner Patrick Fitzmaurice has been representing the Trustee continuously as lead special litigation counsel for the last two years in connection with the Claims pursuant to the Troutman Retention Order. Accordingly, the retention of Pillsbury will allow for the effective and efficient pursuit of the Claims on behalf of the Trustee and the Estates and, in particular, will allow trial to go forward in the Adversary Proceeding on October 26, 2020, as scheduled.

23. Prior to the filing of this Application, the Trustee retained Archer & Greiner as his general bankruptcy counsel in these chapter 7 cases and, pursuant to the Troutman Retention Order, retained Ashby & Geddes and Troutman as special litigation counsel. Since then, as noted above, lead counsel Patrick Fitzmaurice left Troutman and joined Pillsbury. If this Application is granted, Pillsbury would substitute for Troutman and work together with Archer & Greiner and Ashby & Geddes at the direction of the Trustee to avoid any unnecessary duplication of services in this matter.

24. It is the carefully considered view of the Trustee that, considering the various interests involved in these chapter 7 cases and the change of law firm affiliation of lead counsel

Patrick Fitzmaurice from Troutman to Pillsbury, representation of the Trustee by Pillsbury is necessary, advisable, and in the best interests of the Debtors and their Estates. In the event that any of the Non-Debtor Subsidiaries commence cases under chapter 7 of the Bankruptcy Code, the scope of the proposed retention of Pillsbury would automatically extend to the additional estates of the Non-Debtor Subsidiaries by operation of the Stipulation.

25. As set forth in the Fitzmaurice Affidavit, the Trustee believes that Pillsbury qualifies as a "disinterested person" under the Bankruptcy Code. Pillsbury is not a creditor, equity security holder, or insider of the Debtors. Also, Pillsbury does not have an interest materially adverse to the interest of the Estates, nor does it represent one. Pillsbury has the same disinterested status as Troutman, which this Court determined in the Troutman Retention Order, as affirmed by the District Court, to be a "disinterested person."

26. Pillsbury currently represents 23 Capital in these chapter 7 cases and in the SDNY Litigation, having substituted for Troutman. The Trustee believes, and respectfully represents, that Pillsbury, like Troutman before it, is capable of being retained by these Estates under section 327(a) of the Bankruptcy Code. Indeed, as noted above, both this Court and the District Court determined that Troutman is disinterested and does not hold an interest adverse to the Estates, and accordingly approved Troutman's retention as special litigation counsel to the Trustee. The requested retention of Pillsbury does not warrant a different determination.

27. Further, the Trustee and 23 Capital have been continuously represented by the same counsel after the Court approved the retention of Troutman on November 13, 2018. The Trustee submits it is efficient and good sense to retain Pillsbury as set forth herein.

28. In the event that 23 Capital seeks to take a position adverse to the Trustee or the Estates in these chapter 7 cases (which has not occurred since the Troutman Retention Order), 23

9

Capital will retain alternative conflicts counsel and will not use Pillsbury for such purposes, unless the Trustee subsequently affirmatively agrees otherwise in writing.

### B. Retention of Pillsbury Under Section 328(a) of the Bankruptcy Code is Appropriate

29.     Section 328(a) of the Bankruptcy Code empowers a trustee to employ, with the Court's approval, professional persons on any reasonable terms and conditions of employment. 11 U.S.C. § 328(a). The Trustee respectfully requests, pursuant to section 328(a) of the Bankruptcy Code, that Pillsbury be compensated in accordance with the terms and conditions set forth in the Stipulation, as summarized below. This is the same compensation arrangement that the Court previously approved in the Troutman Retention Order, and which the District Court affirmed.

30.     As set forth in the Stipulation, while the Professionals will take their direction from the Trustee, 23 Capital shall be primarily responsible for all fees and costs incurred by them. It is only when over $10 million is recovered on account of the Claims that 23 Capital will then be entitled to recoup its Professional fees and costs from the recoveries that serve as 23 Capital's Collateral. Neither the Trustee nor the Debtors' Estates will be responsible for the payment of Pillsbury's invoices.

31.     The Debtors have no assets other than claims and causes of action, such as the Claims, and the proceeds thereof. Litigation of the Claims, the facts of which are intertwined with those of the SDNY Litigation, will be (and have been) factually complex and detailed, time consuming and expensive, with an uncertain outcome. The Trustee does not have the means to retain counsel under a typical hourly engagement, and retaining the Professionals under the proposed compensation structure will avoid these Estates from bearing the risk of the costs to be

incurred in pursing the Claims. Accordingly, the Trustee submits that the proposed compensation arrangement is fair and reasonable and should be approved.

32. Other than as set forth herein and in the Fitzmaurice Affidavit, no arrangement is proposed between the Trustee and Pillsbury for compensation to be paid in these chapter 7 cases.

## II. Waiver of Compliance with Information Requirements Relating to Compensation Requests in Local Rule 2016-2

33. Pursuant to Local Rule 2016-2(h), the Trustee seeks a waiver of certain information requirements in the Local Rules, including modification of the requirement to file fee applications with the Court, to the extent previously granted by this Court in the Troutman Retention Order.

34. Pillsbury will be compensated by 23 Capital on an hourly basis in accordance with its agreed upon hourly billing rates and reimbursed for the actual, necessary expenses it incurs. Importantly, the fees and costs of Pillsbury will not be borne by the Debtors or their Estates but rather directly by 23 Capital and/or from the collateral securing 23 Capital's claim. Therefore, it is unnecessary for Pillsbury to file fee applications and obtain an order from the Court in order to be paid.

35. Nevertheless, Pillsbury will maintain time records in accordance with the Local Rules and will send the Trustee and the Office of the United States Trustee copies of the summary pages of its respective monthly invoices ten (10) days prior to payment by 23 Capital, and make any narrative information available to the Trustee and/or the Office of the United States Trustee upon request.

36. In addition, as the Court directed in the Troutman Retention Order, Pillsbury will file fee applications ("Fee Applications") after the Claims are resolved. The Fee Applications will not be subject to redaction or seal, but Pillsbury will be excused from the requirements of the Local

Rules to bill pursuant to task codes. Pillsbury will also file a Fee Application if 23 Capital seeks reimbursement of legal fees pursuant to the Stipulation.

## NOTICE

37. The Trustee has given notice of this Application to the following parties and/or their counsel: (i) the Office of the United States Trustee; (ii) the Goodwins; (iii) the Non-Debtor Subsidiaries; (iv) Aden; (v) James; (vi) SMP; (viii) Encore; (viii) all entities listed on the Debtors' creditor matrices; and (ix) any other parties that have requested notice in the Debtors' cases pursuant to Bankruptcy Rule 2002. Under the circumstances, the Trustee submits that no other or further notice is required.

## PRIOR APPLICATION

38. As noted above, the Trustee previously made an application for an order authorizing the retention and employment of Ashby & Geddes and Troutman as special litigation counsel to the Trustee and waiving certain information requirements pursuant to Local Rule 2016-2(h), which was approved by this Court (with certain modifications) on November 13, 2018 in the Troutman Retention Order. No previous application was made for an order authorizing the retention and employment of Pillsbury as special litigation counsel to the Trustee in connection with the above-captioned bankruptcy cases to this or any other Court.

## CONCLUSION

**WHEREFORE** the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B**, (i) authorizing the Trustee to employ and retain Pillsbury as special litigation counsel on the terms and conditions set forth herein as of the date of this Application, (ii) waiving the requirement to file fee applications with the Court as well as all of the information requirements in the Local Rules, and (iii) granting such other and further relief as is just and proper.

Dated: August 26, 2020	*/s/ David W. Carickhoff*
	DAVID W. CARICKHOFF
	Chapter 7 Trustee